**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

|  |  |
|---|---|
| Olga Martinez Torres, Linda Davis, Angel Alberio and Fernando Posso, on behalf of themselves and all others similarly situated, | Civil Action No.: 4:18-cv-00983-O |
| Plaintiffs, | |
| vs. | |
| American Airlines, Inc., the Employee Benefits Committee and John/Jane Does 1-5 | March 30, 2020 |
| Defendant. | |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFFS'**
**MOTION TO COMPEL**

Defendants' opposition to Plaintiffs' Motion to Compel fails to address the central point raised in the Motion:  Namely, that the Parties did not request bifurcated discovery and the Court did not order it.  Indeed, the Court could not have been any clearer on this point, explicitly stating that "[t]his Order does not bifurcate discovery or bar discovery on the merits prior to the hearing or ruling on class certification, and therefore **discovery may proceed on any relevant topic now.**" *Id.* at 4 (emphasis in original).  ECF No. 39 at 3.  Defendants cannot square their objection with the Court's order and make no effort to try.

Indeed, Defendants do not contest the key facts that support Plaintiffs' motion.  First, while Defendants assert that it is "questionable" whether Plaintiffs would need the requested data to prove damages (Def. Br. at 5), Defendants do not explain how Plaintiffs' expert is supposed to calculate the class's damages without class member data.  Plaintiffs' counsel, and its expert, have

calculated damages in a similar case.  They know what is required for a damages calculation. Defendants' unsupported assertion that the Plaintiffs' need for the data is "questionable" has no foundation.  The requested data is essential.

Furthermore, while Defendants apparently fault Plaintiffs for not making an issue of their objection at an earlier point in the litigation, they do not argue – nor can they – that Plaintiffs ever *agreed* that they were not required to provide responsive documents in advance of a ruling on class certification.  As explained in the Declaration of Douglas P. Needham ("Needham Decl."), ECF No. 64-1, at paragraphs 6 and 7, Plaintiffs never made such an agreement.

Defendants argue that if the Court grants the Motion to Compel, they should be permitted a "reasonable time" to respond, noting that American Airlines is currently undergoing significant difficulties because of the current COVID-19 epidemic.  Def. Br. at 5-6.  However, Defendants do not contest that the requested data is readily available and contained in a computer database that can be aggregated and produced in a single Excel document.  *See* Needham Decl., at paragraph 2, and Memorandum of Law in Support of Plaintiffs' Motion to Compel, ECF No. 64, at 5. Defendants make no effort to argue that obtaining the information is in any way difficult, or involves personnel that are currently engaged in work that is impacted by the Covid-19 crisis. Indeed, since third parties often serve as administrators and recordkeepers, it is not even clear that any American Airlines employees would be involved in the production of the requested data. Defendants make no effort, in short, to demonstrate that production of the requested data actually poses any kind of burden.  They simply don't want to produce it.  If Defendants are concerned that five days might be insufficient, they could direct that the data be collected in advance of the Court's ruling on this Motion.

Plaintiffs are sensitive to the exigent circumstances facing American Airlines as a result of the COVID-19 crisis.  Indeed, they have already agreed to support Defendants' request for a 90-day extension of all deadlines in the case, which the Court granted this morning.  Even that extension will be insufficient, however, if Defendants are allowed to delay production of data that Plaintiffs' expert must have prior to submitting a final merits report.

In summary, Defendants' objection to producing the requested data is inconsistent with this Court's order and without merit.  The requested data is necessary – indeed, critical – and it is readily available to Defendants.  Plaintiffs have not consented, and do not consent, to Defendants' attempts to unilaterally rewrite the scheduling order.  For these reasons, and for the reasons set forth in Plaintiffs' Motion and accompanying brief, Plaintiffs respectfully request that the Court order Defendants to provide full and complete responses to Requests for Production 17, 18 and 33.

Dated:  March 30, 2020                              Respectfully submitted,

                                            */s/ Joe Kendall*

                                            Joe Kendall
                                            Texas Bar. No. 11260700
                                            **KENDALL LAW GROUP, PLLC**
                                            3811 Turtle Creek Blvd., Suite 1450
                                            Dallas, Texas 75219
                                            (213) 744-3000 / (214) 744-3105 (Facsimile)
                                            jkendall@kendalllawgroup.com

                                            **IZARD, KINDALL & RAABE LLP**
                                            Robert A. Izard (admitted *pro hac vice*)
                                            Seth R. Klein (admitted *pro hac vice*)
                                            Mark P. Kindall (admitted *pro hac vice*)
                                            Douglas P. Needham (admitted *pro hac vice*)
                                            29 South Main Street, Suite 305
                                            West Hartford, CT 06107
                                            Tel: (860) 493-6292
                                            Fax: (860) 493-6290
                                            Email:  rizard@ikrlaw.com
                                            Email:  sklein@ikrlaw.com
                                            Email:  mkindall@ikrlaw.com

Email:  dneedham@ikrlaw.com

**BAILEY & GLASSER LLP**
Gregory Y. Porter (to be admitted *pro hac vice*)
Mark G. Boyko (to be admitted *pro hac vice*)
1054 31st Street, NW, Suite 230
Washington, DC 20007
(202) 463-2101
(202) 463-2103 fax
gporter@baileyglasser.com
mboyko@baileyglasser.com

*Counsel for Plaintiffs*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a copy of the foregoing was served on all counsel of record on March 30, 2020, via CM/ECF, in accordance with the Federal Rules of Civil Procedure.


<u> */s/ Joe Kendall* </u>
Joe Kendall